# William Curtis Jones

3616 Far West Blvd.

No. 117-441

Austin, Texas  78731

August 8th, 2022

**UNITED STATES DISTRICT COURTS**

**EASTERN DISTRICT OF TEXAS**

**BEAUMONT DIVISION**

Jack Brooks Federal Building and United States Courthouse
300 Willow Street
Suite 104
Beaumont, Texas 77701

Dear **CLERK OF THE COURT**:

Attached, please find copy of

### DIRECTED COMPLAINT FOR VIOLATION OF CIVIL RIGHT
### in support of
### PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS FOR A PERSON
### IN STATE CUSTODY

– challenging the Invalid, Defective Indictments that alleges both the PETITIONER - as the *"Defendant"*- accused of alleged crimes by the same one persons as the PETITIONER –the *"Complainant Owner"* - *as the Indictments alleges* -  and the said Indictments were obtained was based on Fraudulent *"Criminal Complaint(s) Affidavits(s)* – is proven as False Evidence.

Please file the copy to **Case No. 1:21-cv-0514** and present it to the assigned "COURT", for it's in the **BEST INTERESTS OF JUSTICE FAIRNESS; and ACCOUNTABILITY**.

1

Please be advised that the attached filing have also been filed with the respective UNITED STATES DISTRICT COURTS: HOUSTON DIVISION and the respective STATE OF TEXAS APPELLATE COURTS, as well as the respective STATE JUDICIAL DISTRICT COURTS as well as with the OFFICE OF THE ATTORNEY GENERAL OF TEXAS, that has JURISDICTION or an INTEREST of this PETITION.

Your cooperation in this MATTER is very much appreciated..

**Respectfully submitted,**

/s/ William Curtis Jones

**William Curtis Jones**

*Plaintiff*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

Beaumont Division

| | | |
|---|---|---|
| | § | |
| **William Curtis Jones** | § | |
| *Plaintiff* | § | |
| v. | § | Case No. **1:21.cv.00514** |
| **State of Texas,** *et. al* | § | |
| *Defendants* | § | **Request for Jury Trial** |
| | § | |

## DIRECTED COMPLAINT FOR VIOLATION OF CIVIL RIGHT

in support of

## PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS FOR A PERSON IN STATE CUSTODY

---

I.  **Complaint and Demand for Jury Trial**

PLAINTIFF "William Curtis Jones" as pro se, additional suit directed to Defendants: Kenneth B. Florence, Brian Jagneaux, Quentin Dean Price, Wayln G. Thompson, Jennifer Elaine Doornbos, and Manhattan Beach (CA) Police Department, and states the following in good support of the Original Complaint:

II.  **Newly-Discovered Evidence Proves Fraud On The Courts and Materially False**

PLAINTIFF, as pro-se, being a simple Lay-Man, a person who is unskilled and inexperience in the drafting of this "**DIRECTED COMPLAINT FOR VIOLATION OF CIVIL RIGHT**" in support of **ORIGINAL PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS FOR A PERSON IN STATE CUSTODY** respectfully requests that this filed COMPLAINT, be construed liberally as required in:

**"HAINES v. KERNER", 92 S. Ct. 594 (1971)**: whereas the UNITED STATES SUPREME COURT expressly held the "pro se" "COMPLAINTS"; "WRITS"; "MOTIONS"; or "PETITIONS", are:

*"...held to less stringent standards than formal pleadings drafted by lawyers, and that it must appear beyond reasonable doubt that the "relator"; "applicant"; or "plaintiff" can prove sets of facts, in support of his claims (grounds) which would entitle him to RELIEF – before the same pleading can be denied..."*

... and, for the reasons stated herein, the PLAINTIFF respectfully requests that this COURT to consider the following MATERIAL FACTS of CIVIL RIGHTS VIOLATIONS and BRADY VIOLATIONS as "true and correct" of the case:

## III. Legal Argument

PLAINTIFF asserts Legal Arguments – *respectfully* - points this COURT, that this COURT has the POWER and AUTHORITY to VACATE the JUDGMENT that was entered against the PLAINTIFF and remand a NEW TRIAL - citing: **"UNITED STATES v. FREEMAN", No. 07-CR 843, 2009 WL 2748483 (N.D. Ill. Aug. 26, 2009)** the Court held that *"...prosecutor's misconduct in allowing witness's false testimony to materially prejudice defendants requires new trial.. "* – in violations of CONSTITUTIONAL RIGHTS and violations of CIVIL RIGHTS based on False Evidence, False Testimony, Malicious Prosecution or Fraud on the Courts committed by the said Defendants, with the preponderance of the evidence – under the FIRST AMENDMENT, FOURTH AMENDMENT, EIGHTH AMENDMENT, and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES.

Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60 (d) (3)** states in pertinent part that nothing in **Rule 60** limits a court's power to set aside a judgment for **False Evidence, Malicious Prosecution** or **Fraud on the Courts.**

PLAINTIFF contends that the said Defendants committed **Fraud on the Courts; Professional Misconducts; Official Misconducts;** and **Prosecutorial Misconducts – acting in Bad Faith** by the following actions and of the deliberate acts of presentment of False Evidence and unlawful acts of concealment of Exculpatory Evidence or Exculpatory Information; and

intentional omissions of State Exhibits from the Appellate Court Records, that harmed the PLAINTIFF and the integrity of the entire judicial process – citing "**IMBLER**", **424 U.S. at 429 n.29** – the Court held that the prosecutor's misconducts *"...is perplexing and somewhat disingenuous... the defendant claimed that his attorney failed to conduct an adequate investigation that other had committed the same offense....the prosecutor at a hearing stated that he refused to act upon the defendant's request because he had good reason to believe that the proposed testimony would be perjured ... the appellate court noted that '...an attorney may not knowingly allow a witness to testify falsely...' and that ...an attorney who attempts to benefit his client through the use of perjured testimony may be subject to criminal prosecution..."*

See also "**BRANCH**", **449 P.2d at 181** – the Court held that: *"the defendant's attorney did not involve the prosecution of a prosecutor, as the Court's citation would lead one to believe, nor did defendant's attorney suggest that the prosecutor would be subject to criminal charges, or that the prosecutor be prosecuted...for suborning perjury..."*

## IV. **Nature of the Action**

1. This is a **42 U.S. Code § 1983 Federal Civil Rights** case under the FIRST AMENDMENT, FOURTH AMENDMENT, EIGHTH AMENDMENT, and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES; as applied to the States under the UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT for the Defendants' individual and collective personal, malicious, and unlawful violations under color of State Law of PLAINTIFF'S individual and collective constitutional rights to free speech and protection against unreasonable search of PLAINTIFF'S bodies as well as state tort claims for civil and criminal conspiracy.

2. This is a case of **AMERICANS WITH DISABILITIES ACT" (ADA): "42 U.S.C. § 1201 et. seq. (1990)** under the EQUAL PROTECTION RIGHTS, by Federal Laws protects "AMERICANS WITH DISABILITIES ACT (ADA), 42 § 1201 et. seq" that: "...no state shall make or enforce any law which shall abridge the privileges...of citizens of the UNITED STATES, nor shall any STATE deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws..."

3. This is also a case of **18 U.S. Code § 242 Deprivation of Rights Under Color of Law**, that makes it a crime *"...for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or Laws of the United States...for the purpose of **Section 242**, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his / her official duties...persons acting under color of law within the meaning of this statute include prosecutors, police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim... the offense is punishable by a range of imprisonment up to a life term, or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any..."* see.

   > TITLE 18, U.S.C., SECTION 242
   >
   > *"...Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death..."*

4. **Section 1983** does not impose an analogous generalized duty on governmental agents to refrain from putting people at an unreasonable risk of harm. Rather, **Section 1983** creates a cause of action for damages against state and local officials who inflict specific deprivations of federal rights. See **42 U.S.C. § 1983** *"...creating a cause of action against any official who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...".* It is well understood that

**§ 1983** - *"... 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'..."* citing **"ALBRIGHT", 510 U.S. at 811 (plurality opinion)** - quoting **"BAKER v. McCOLLAN", 443 U.S. 137, 144 n.3** (1979)) – "...in other words, the Constitution supplies the rights and duties and otherwise fills in the content of a § 1983 claim....the first step in any such claim is to identify the specific constitutional right allegedly infringed...." **Id**

5. Defendants committed these unlawful violations of PLAINTIFF'S Constitutional and **State Rights** under Color of State Law in bad faith and with malicious purpose in reckless, **wanton,** and willful disregard of PLAINTIFF'S human, safety, and property rights.


## V. The Parties to This Complaint

### A. The Plaintiff

|  |  |
|---|---|
| *Name:* | **William Curtis Jones** |
| *Address:* | **3616 Far West Blvd.** |
|  | **No. 117-441** |
|  | **Austin, Texas  78731** |
| *County of:* | **Travis, Texas** |
| *Email Address:* | wmcurtisjones@gmail.com |


### B. The Defendants

Defendant No. 1

|  |  |
|---|---|
| *Name:* | Kenneth B. Florence |
| *SBN:* | 00790698 |
| *Title:* | **Assistant District Attorney** |
| *Address:* | **Jefferson County District Attorney's Office** |
|  | **1085 Pearl Street** |
|  | **Beaumont, Texas  77701** |
| *Official capacity:* | **Prosecutor of the Case** |

Defendant No. 2

|            |                                               |
|------------|-----------------------------------------------|
| *Name:*    | **Brian Jagneaux**                            |
| *Title:*   | **State Investigator**                        |
| *Address:* | **Texas Department of Public Safety**         |
|            | **7200 Eastex Freeway**                       |
|            | **Beaumont, Texas  77708**                    |
| *Official capacity:* | State Investigator                  |

## Defendant No. 3

|            |                                               |
|------------|-----------------------------------------------|
| *Name:*    | **Quentin Dean Price**                        |
| *SBN:*     | 16305740                                       |
| *Title:*   | Assistant District Attorney                    |
| *Address:* | **Jefferson County District Attorney's Office** |
|            | **1085 Pearl Street**                         |
|            | **Beaumont, Texas  77701**                    |
| *Official capacity:* | Prosecutor of the Case              |

## Defendant No. 4

|            |                                               |
|------------|-----------------------------------------------|
| *Name:*    | **Wayln G. Thompson**                         |
| *SBN:*     | 19959713                                       |
| *Title:*   | **Assistant District Attorney**               |
| *Address:* | **Jefferson County District Attorney's Office** |
|            | **1085 Pearl Street**                         |
|            | **Beaumont, Texas  77701**                    |
| *Official capacity:* | **Prosecutor of the Case**          |

## Defendant No. 5

|            |                                               |
|------------|-----------------------------------------------|
| *Name:*    | **Manhattan Beach (CA) Police Department**    |
| *Address:* | **420 15th Street**                |
|            | **Manhattan Beach, California  90266**        |
| *Official capacity:* | **Arresting Officers**              |

Defendant No. 6

    *Name:*    **Jennifer Elaine Doornbos**

                *"Impostor"*

    *Address:*   1148 Helena Avenue

                Nederland, Texas  77627

## VI.  Jurisdiction and Venue

3.  PLAINTIFF bring this action pursuant 42 U.S.C. § 1983 for violations of Civil Rights under the FIRST AMENDMENT, FOURTH AMENDMENT, EIGHTH AMENDMENT, and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES.

4.  This COURT has Subject-Matter Jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (Federal question) and **28 U.S.C. § 1343(a)(3)** (civil rights); **28 U.S.C. § 1367** provides supplemental jurisdiction over the State Law tort claims that arose from the same common nuclei of facts.

5.  Venue is proper in this judicial district and division pursuant to **28 U.S.C. § 1391(b).** Most of the Defendants' primary employment is in this district and division, and Defendants' independent and collective malicious and unlawful violations under Color of State Law of PLAINTIFF'S Constitutional Rights giving rise to the claims herein accrued within this district and division.

6.  At all material times, Defendants committed these unlawful violations under Color of State Law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of PLAINTIFF'S human, safety, and property rights.

7.  These Constitutional law violations are *"...capable of repetition, yet evading review..."* citing **"SOUTHERN PACIFIC TERMINAL CO. v. ICC", 219 U. S. 498, 515 (1911), "MOORE v. OGILVIE", 394 U. S. 814, 816 (1969). "CARROLL v. PRINCESS ANNE", 393 U. S. 175, 178-179 (1968), "UNITED STATES v. W. T. GRANT CO.", 345 U. S. 629, 632-633 (1953).**

8.  The jurisdiction of this Court over claims arising under **42 U.S.C. § 1983** and **42 U.S.C. § 12101 "Americans with Disabilities Act of 1990"** is based on violation of rights guaranteed to the PLAINTIFF by State and Federal Laws, including: (a) *...damages for deprivations by Defendants acting under color of State law of PLAINTIFF'S rights, privileges and*

immunities guaranteed by the *FIRST AMENDMENT, FOURTH AMENDMENT and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES pursuant to 42 USC 1983 and 1988*; (b) ...*damages for deprivations by Defendants of PLAINTIFF'S rights, privileges and immunities guaranteed by State and Federal Laws; Texas State Constitution and the United States Constitution*; and (c) ...*damages based upon common law claims in tort*.

## VI.    Civil Rights Complaint

PLAINTIFF respectfully files with this COURT of Federal Charges – both ***Civil and Criminal Complaints*** - that the said Defendants and others falsified the Criminal Complaint(s) Affidavit(s), that was used to obtain the search warrant of the PLAINTIFF and of the PLAINTIFF'S COMPANY **"MANAGEMENT RESOURCES GROUP INC."** (**"MRGI"**) – *as the Indictments alleges* – and based on Investigative Misconducts by the State Investigator "Jagneaux" obtained the arrest warrant of the PLAINTIFF at HIS residence in Manhattan Beach, California for alleged crimes that never occurred; that this unlawful and unconstitutional acts violated Federal Civil Rights Laws and that those violations resulted in the PLAINTIFF'S Wrongful Conviction.

The said Defendants at filing of the Criminal Complaint(s) Affidavit(s) before a State Magistrate Judge by the said Defendant: *"impostor"* – who portrayed herself as being the owner of the PLAINTIFF'S COMPANY **"MANAGEMENT RESOURCES GROUP INC."** (**"MRGI"**) - failed to investigate of the alleged crime(s) as the Indictments alleges. Had the said Defendants actually investigated the Complaint filed against the PLAINTIFF would have made findings that the ***"Defendant"*** and the ***"Criminal Complainant Owner"*** – as the Indictments alleges – are both the same one persons as the PLAINTIFF.

The Indictments alleges that the PLAINTIFF as the "*Criminal Complainant Owner*" - the "accuser" - filed criminal complaint against HIMSELF - the "***Defendant***" - the "**accused**" - which is also the same persons as the PLAINTIFF; and that the PLAINTIFF as the "***Defendant***" acted criminally or acted in contravention of an alleged "agreement" were ***without the effective consent*** of the PLAINTIFF – as the "*Criminal Complainant Owner*". The said Defendant did not present any evidence of such or any of the other statutory elements to support the Indictments, in violations of the PLAINTIFF'S FIFTH AMENDMENT to the CONSTITUTION of the UNITED STATES.

Specifically, the PLAINTIFF alleged that the PLAINTIFF'S FOURTH AMENDMENT rights were violated when the said Defendants sought a warrant to search the PLAINTIFF'S COMPANY "**MANAGEMENT RESOURCES GROUP INC.**" ("**MRGI**") which was also located at the PLAINTIFF'S home knowing that the State Investigator "Jagneaux" lacked lawful Probable Cause for the search, that was based on false Criminal Complaint(s) Affidavit(s) – filed by an "impostor" who portrayed herself as being the lawful owner of the PLAINTIFF'S COMPANY "**MANAGEMENT RESOURCES GROUP INC.**" ("**MRGI**").

PLAINTIFF alleged that the said Defendants knew the Criminal Complaint(s) Affidavit(s) in support of that warrant contained False and Misleading Information and that it omitted **MATERIAL INFORMATION** – namely that the "*Defendant*" and the "***Complainant Owner***" – *as the Indictments and Warrants alleges* – are legally and factually the same one persons as the PLAINTIFF.

Among other things, the Affidavit(s) falsely claimed that the State Investigator "Jagneaux" had verified that the target of the alleged criminal operations were conducted at the "**MANAGEMENT RESOURCES GROUP INC.**" client's office "**MRG, Ltd.: Operating Group Ltd**" – located at 617 Proctor Street in Port Arthur, Texas; whereas the PLAINTIFF'S

COMPANY "MRGI" office was located at the PLAINTIFF'S residence. The State Investigator "Jagneaux" admitted to Investigative Misconducts during his Testimony at Trial.

In fact, the said Defendants and the said State Investigator "Jagneaux" knew that the fraudulent Criminal Complaint(s) Affidavit(s) was not true, and had admitted as such during his Testimony at Trial.

Furthermore, the said Defendant: *"impostor"* who portrayed herself as being the lawful owner of the PLAINTIFF'S COMPANY "MRGI" who lied to the FBI and State Investigators, and causing the Law Enforcement to pursue with the baseless investigation, which was based on false criminal charges, is also liable for malicious prosecution.

VII.     Factual Allegations

PLAINTIFF was falsely accused of crimes that never occurred: or of alleged crimes that the State could not prove existed, and yet maliciously prosecuted as a result, severely harmed the PLAINTIFF:

## COUNT I - Malicious Prosecution

1. Criminal prosecution of the PLAINTIFF was malicious in nature; that aid State Investigator "Jagneaux" pursued groundless charges. Examples of malicious prosecutions include situations in which law enforcement: that the PLAINTIFF:

    i.      ...was charged and wrongfully convicted of alleged crimes, to cover up investigative misconduct, resulted in false imprisonment;

    ii.     ...was punished for alleged crimes that never occurred and pursued with criminal proceedings with false evidence;

    iii.    ...character and reputation have been harmed with the State and the said State Investigator bringing unfounded criminal charges against the PLAINTIFF;

    iv.     ...was falsely accused and wrongfully convicted of crimes that never occurred, to divert attention from the actual perpetrators – *refer to filed MOTION OF APPLICATION OF CRIMINAL COMPLAINT attached with AFFIDAVIT OF*

*FORGERY AND BANK FRAUD – filed with this COURT on or about August 3rd;*
2022.

v. ... was falsely accused of crimes that never occurred that was based on fraudulent
Criminal Complaint(s) Affidavit(s) filed by an "*impostor*" who portrayed herself as
being the lawful owner of the PLAINTIFF'S COMPANY "MANAGEMENT
RESOURCES GROUP INC." ("MRGI") – *as the Indictments alleges;* resulted in
State Investigator to pursue the false criminal charges and malicious prosecution
thereafter.

2.  The PLAINTIFF shall demonstrate to this COURT the following; that:

    i.  ... the said Defendant's malice in instituting and continuing the cause with criminal
        proceedings against the PLAINTIFF;

    ii. ... the said Defendants lacked lawful and constitutional Probable Cause or lacked
        reasonable grounds to believe the allegations against the PLAINTIFF; and

    iii. ... recently filed with this COURT – the PLAINTIFF'S MOTION OF
        APPLICATION OF CRIMINAL COMPLAINT attached with AFFIDAVIT OF
        FORGERY AND BANK FRAUD –on or about August 3rd; 2022, that proves the
        PLAINTIFF'S innocence and that crimes were actually committed by others - based
        on newly discovered evidence since the Trial. In fact, most of the perpetrators during
        their respective Testimony at Trial, admitted to committing the actual crimes that the
        PLAINTIFF was falsely accused of.

    iv. ... recently filed a copy of this CIVIL RIGHTS COMPLAINT with the UNITED
        STATES DEPARTMENT OF JUSTICE – CIVIL RIGHTS DIVISION – on or about
        July 14th; 2022, Case No. 177919-PXZ.

    v.  ... other claims including false arrest warrant, where the said Defendant "Manhattan
        Beach (CA) Police Department" in pursuit to arrest the PLAINTIFF at HIS residence
        without lawful and constitutional probable cause. The said Defendant "Manhattan
        Beach (CA) Police Department" knew the Arrest Warrant was false and fraudulent;
        and that probable cause required that Police to have the lawful, reasonable trustworthy
        information sufficient to warrant that Police with reasonable caution to believe the
        PLAINTIFF committed, or is in the process of committing, an offense. Typically,
        acting on a False Warrant is a complete defense to the PLAINTIFF'S False Arrest
        claims.

3.  In addition to the PLAINTIFF'S State Law Claims, both malicious (criminal)
    prosecution and false arrest are recognized as separate violations of the PLAINTIFF'S
    Constitutional Right against unreasonable searches and seizures protected by the

FOURTH AMENDMENT of the UNITED STATES CONSTITUTION. Therefore, where Malicious Prosecution claims involves the PLAINTIFF'S unconstitutional or unlawful arrest and criminal proceeding, the PLAINTIFF -- under the Law -- shall file similar claims in both the State Court and the Federal Court.

4. Proof of "**malice**" is not required to succeed on the PLAINTIFF'S Claims of Malicious Criminal Prosecution under the UNITED STATES CONSTITUTION. The PLAINTIFF with the preponderance of the evidence shall demonstrate to this COURT the following; that:

    (a)  ...criminal prosecution was initiated against the PLAINTIFF out of malice and that the said Defendants made, influenced, and / or participated in the decision to prosecute – out of malice, as the evidence established at Trial;

    (b)  ...there was a lack of Probable Cause -- that was based on fraudulent "Criminal Complaint(s) Affidavit(s)" for the Criminal Prosecution of the PLAINTIFF for crimes that never existed;

    (c)  ...as a consequence of the unconstitutional and unlawful legal proceedings against the PLAINTIFF, the PLAINTIFF suffered a deprivation of liberty apart from the initial seizure; and

    (d)  ...the criminal proceeding shall be resolved – awaiting on final ruling from the Court of Criminal Appeals of Texas, strongly believed to be in the PLAINTIFF'S favor, based on the presentments of preponderance of the evidence and newly discovered exculpatory evidence – both established the innocence of the PLAINTIFF and proof of crimes by actual perpetrators against the PLAINTIFF and the PLAINTIFF'S COMPANY "MRCP".

5. Therefore, the said Defendants "FLORENCE"; "THOMPSON"; and "PRICE" – based on proven allegations of unconstitutional and unlawful acts in Bad Faith of **Prosecutorial Misconducts**, **Abuse of Color** and **Official Misconducts**, waived their respective rights to absolute immunity – citing "**IMBLER v. PACHTMAN**", **500 F.2d 1301, 1302 (9th Cir. 1974)** the Supreme Court Justices argued against extending absolute immunity to "**BRADY MATERIAL**" violations held that *'...agree with the majority that history and policy support an absolute immunity for prosecutors from suits based solely on claims*

that they knew or should have known that the testimony of a witness called by the prosecution was false....however, absolute immunity should not apply to independent claims that the prosecutor withheld facts tending to demonstrate the falsity of the witness's testimony in constitutionally material respects..." Id. at 440 n.5. and **132 Id. at 441** "...I disagree with any implication that the absolute immunity extends to suits charging unconstitutional suppression of evidence..." **133 Id. at 442** - "...one would expect that the judicial process would be protected and indeed its integrity enhanced by denial of immunity to prosecutors who engage in unconstitutional conduct...immunity for the suppression of exculpatory evidence...rather than protecting the judicial process, affording a prosecutor absolute immunity for such conduct in fact undermines the judicial process by removing an incentive to prosecutors to disclose material evidence that is favorable to the defendant...denying immunity to a prosecutor for withholding evidence encourages disclosure and discourages nondisclosure...that denying absolute immunity to a prosecutor for failing to disclose exculpatory evidence might encourage a prosecutor to disclose more evidence than BRADY required...but such broader disclosure... would hardly injure the judicial process; indeed, it [would] help it.. ...moreover, according to Justice White "...constitutional violations that are committed by prosecutors in open court—such as improper summations, introduction of hearsay testimony in violation of the Confrontation Clause, and knowingly presenting false testimony—are clearly integral parts of the judicial process...that such violations may be corrected by the judicial process...however, there is no way that the judicial process can correct a prosecutor's suppression of exculpatory evidence, for such conduct is hidden from the judicial process and the suppressed evidence may never be discovered....it is therefore all the more important...to deter such violations by permitting

*§ 1983 damage actions in those cases where constitutional rights violations are*

*exposed..."*

## COUNT II – Violation of the "AMERICANS WITH DISABILITIES ACT" (ADA)

6. This action is brought by the PLAINTIFF to enforce Title II of the **"AMERICANS WITH DISABILITIES ACT of 1990"**, as amended ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulation against the said Defendants, acting through its Official Capacity. The said Defendant: Prosecutor of the Court – as an Officer of the Court – is responsible for assurance of reasonable accommodations to assist the PLAINTIFF'S Disability "Legally Deaf".

7. This action is brought by the PLAINTIFF, to redress HIS deprivation of rights under the "AMERICANS WITH DISABILITY ACTS" as amended (ADA). The said Defendants subjected the disabled to-wit: "DEAF", the PLAINTIFF to disparate treatment; a hostile criminal proceeding environment; denied reasonable accommodation; retaliation for engaging in protected activity to-wit: harassment; and wrongful conviction of crimes that never occurred.

8. The disabled PLAINTIFF was denied reasonable accommodation accorded under FEDERAL LAWS "AMERICANS WITH DISABILITY ACTS".- in violations of the PLAINTIFF'S Constitutional Rights of FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES.

## COUNT III – Violation of the "DUE PROCESS RIGHTS"; "CONFRONTATION RIGHTS", and "RIGHTS of EQUAL ACCESS TO JUSTICE"

9. Defendants' actions created a type of malicious prosecution based on "False Evidence" and "Fabricated Evidence", which violated the PLAINTIFF'S Due Process Rights under the FIFTH AMENDMENT, SIXTH AMENDMENT, and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES [under 42 U.S.C. 1983] and Article I, sections 10 of the Texas State Constitution, on or about November 15th, 2010 and again November 1st, 2015 to the present. See "UNITED STATES v. ROBEL", 389 U.S. 258, 266 (1967).

10. The PLAINTIFF was denied notice of accusation, the right to confront his [would be] accusers, and of his presumption of innocence – citing: "**YOUNGBLOOD v. WEST VIRGINIA**", **547 U.S. 867 (2006)** the Court held that: *"...suppression of evidence indicating that testimony of key witness was false..."* see also "**VACHON v. NEW HAMPSHIRE**", **414 U.S. 478, 480 (1974)** [citing "**THOMPSON v. LOUISVILLE**", 362 U.S. 199 (1960)] [*notice of accusation*]; "**MIRANDA v. ARIZONA**", **384 U.S. 436, 447-8 (1966)** [*illegal police procedures*]; and "**POINTER v. TEXAS**", **380 U.S. 400, 404 (1965)** [citing "**DAVIS v. ALASKA**", **415 U.S. 308, 316 (1974)** - right to confront accusers / witnesses]

11. The PLAINTIFF is being deprived of significant liberty and property interests under the DUE PROCESS CLAUSE of the FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES (i.e., the ability to decide who may visit or enter his home). See "**ZINERMON v. BURCH**", **494 U.S. 113, 125 (1990)**] [*Substantive Due Process*]; and "**LAWRENCE v. TEXAS**", Case No. 02-102 (USSC, 6/26/2003), [*Procedural Due Process*].

12. The said Defendants, on or about August 15th, 2021 to the present, denied the PLAINTIFF'S Rights of Equal Justice by recourse to the Laws under Article 1, Section 10 of the Texas State Constitution, unlawfully and unconstitutionally obtained the ORDER to declare the PLAINTIFF a "vexatious litigant" as an attempt to harass or bully the PLAINTIFF, while as the same time - suppressed FALSE MATERIALS as an attempt to cover-up findings that the said Defendant "Prosecutor of the Case" did indeed "knowingly and willfully" presented State Exhibits later discovered to be "False Evidence" and "Fabricated Evidence"; also omitted the said State Exhibits from the Appellate Court Records – citing "**BUCKLEY v. FITZSIMMONS**", **509 U.S. 259, 273–76 (1993)**, the Court held that: *"...a prosecutor cannot retroactively immunize himself from conduct by perfecting his wrongdoing through introducing the fabricated evidence at trial...that would create a "license to lawless conduct," which the Supreme Court has said that qualified immunity is not to do...that by giving absolute immunity to prosecutor-investigators who having fabricated evidence make sure that the evidence is used to convict the innocent victim of the fabrication...prosecutor acting pre prosecution*

*as an investigator, fabricates evidence and introduces the fabricated evidence at trial...by the time that same prosecutor got around to violating the defendant's right he was absolutely immunized....therefore, grave misconduct by the prosecutor at a time where he was not shielded by absolute immunity..."*

## COUNT IV -- Violation of ASSOCIATIONAL RIGHTS" under the UNITED STATES CONSTITUTION [42 U.S.C. 1983] AND TEXAS STATE CONSTITUTION"

13. Defendants violated the PLAINTIFF'S rights of associational, familial and personal privacy and liberty under the FIRST AMENDMENT, NINTH AMENDMENT, and FOURTEENTH AMENDMENT to the CONSTITUTION of the UNITED STATES [under 42 U.S.C. 1983] and Article I, Section 10 of the Texas State Constitution, on or about November 15th, 2010 and again November 1st, 2015 to the present.

## COUNT V -- Violation of SECURITY AND PRIVACY OF PLAINTIFF'S HOME UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION [42 U.S.C. 1983] and TEXAS STATE CONSTITUTION"

14. Defendants violated the PLAINTIFF'S rights to the security and privacy of HIS residence, and of persons located therein, under the FOURTH AMENDMENT (through the FOURTEENTH AMENDMENT) to the CONSTITUTION of the UNITED STATES [under 42 U.S.C. 1983], and Article I, section 10 of the Texas State Constitution.

15. Specifically, the said Defendant: namely Manhattan Beach (CA) Police Department under the supervision of the said Defendant: State Investigator "Jagneaux" barged into the PLAINTIFF'S Residence to arrest the PLAINTIFF or his lawful spouse / invitee / guests, forcibly and falsely without a lawful and constitutional arrest warrant or search warrant and absent exigent circumstances, on or about February 25th, 2018.

16. The said Defendant: State Investigator "Jagneaux" was aware that the PLAINTIFF was living / working abroad, and not at HIS residence in Manhattan Beach, California. See "STATE v. VERRECCHIA", 766 A.2d at 383-4, and "MINNESOTA v. OLSON", 495 U.S. at 95-100 [...*overnight guest has a reasonable expectation of privacy, absent exigent circumstances...*]. Neither Manhattan Beach (CA) Police Department, its officers,

State Investigator "Jagneaux" nor the "Prosecutor of the Case" had any business intruding into the [constitutional] privacy and security of the PLAINTIFF'S Residence [and persons located therein] on or about February 25th, 2018, or at any other time, without a valid, constitutional warrant or probable cause, and absent any exigent circumstances, to carry out an action concerning false, libelous allegations made by the said Defendant "*impostor*" knowingly was criminally false and fraudulent. See "STEAGALD v. UNITED STATES", 439 U.S. at 214-15, fn.8.

## COUNT VI – "Abuse of Process; False Arrest; and False Imprisonment"

17. Defendants "knowingly" executed a False Arrest / Imprisonment within the confines of the PLAINTIFF'S lawful residence, and against a lawful spouse / invitee / guests located therein. See "HAYES v. FLORIDA", 470 U.S. 811, 816 (1985); "WEBER v. CRANSTON SCHOOL CMTE.", 212 F.3d 41 (1st Cir, 2000) [standing under 29 U.S.C. 794] and "CARROLL v. CAPALBO", 563 F. Supp. 1053, 1057, fn.7 (D.R.I. 1983) - citing "GORDON v. CROUCHLEY", 554 F. Supp. 796, 798 (D.R.I. 1982) [...Third-party litigant's standing to assert constitutional rights...] and "POWERS v. OHIO", 499 U.S. 400, 411 (1991) - citing "DOE v. BOLTON", 410 U.S. 179, 187-9 (1973) - [...threat of arrest and prosecution against innocent third party...].

18. Defendants incurred additional liabilities under tort claims of litigation misconduct for its abuse of process. In this complaint, the Defendants "Abuse of Process" differs from "Malicious Prosecution" in that the PLAINTIFF can still sue for "Abuse of Process" where there are reasonable grounds to pursue this claim, when the said Defendant "Prosecutor of the Case" pursued prosecution of the PLAINTIFF was initiated with an improper and ulterior purpose. For example, trying to cover-up the crimes of presentment of False Evidence of Fabricated Evidence during the criminal proceeding for the purpose of deceiving the Appellate Courts – constitutes "Abuse of Process"

## COUNT VII – "Invasion of Privacy"

19. Defendants "knowingly" invaded the personal seclusion and solitude of the PLAINTIFF on or about on or about February 25th, 2018, in violation of the FOURTH

AMENDMENT to the CONSTITUTION of the UNITED STATES. See "**LIU v. STRIULI**", 36 F.Supp.2d at 479-80.

**COUNT VIII – "Trespass"**

20. Defendants "knowingly" trespassed on the PLAINTIFF'S lawful premises, on or about on or about February 25th, 2018 - in violation of the FOURTH AMENDMENT to the CONSTITUTION of the UNITED STATES. See **"PAYTON v. NEW YORK", 445 U.S. at 596-7, fn.45** [Common-law and Colonial laws against warrantless entry... a man's house is his castle].

VIII.   **Injuries**

PLAINTIFF and the PLAINTIFF'S COMPANY "MANAGEMENT RESOURCES **GROUP, INC."** ("**MRGI**") sustained significant injuries related to the unconstitutional and unlawful events alleged above. The said Defendants' unconstitutional and unlawful actions have caused the PLAINTIFF to suffer mental and emotional distress, and permanent, irreparable injuries to the PLAINTIFF'S COMPANY "MRGI", entitling the PLAINTIFF and the PLAINTIFF'S COMPANY "MRGI" to compensatory damages pursuant to 42 U.S. Code § **1983** Federal Civil Rights and other violations. The Defendants have and continues to be engaged in unethical, unconstitutional, and unlawful acts or misconducts with malice and reckless indifference to the PLAINTIFF'S Constitutional and Federally protected rights, thereby entitling the PLAINTIFF to punitive damages pursuant to 42 U.S. Code § 1983 Federal **Civil Rights** and other violations.

Therefore, the PLAINTIFF seeks monetary damages against the said Defendants for the following:

a.   For lost wages and all other compensation from February 9th, 2018 to the PLAINTIFF'S 72nd Birthday or Year 2030, that was lost to the PLAINTIFF by reasons of said Defendants' unlawful actions, in an amount to be proven at trial;

b.   For lost wages and all other compensation since February 9th, 2018, that was lost to the PLAINTIFF'S estranged wife and the PLAINTIFF'S son, by reasons of said Defendants' unlawful actions, in an amount to be proven at trial;

c.   For lost revenue or income since November 10th, 2010, that was lost to the PLAINTIFF'S COMPANY "MRGI", by reasons of said Defendants' unlawful actions, in an amount to be proven at trial;

d.   For compensatory damages for the PLAINTIFF'S emotional pain and suffering, **in an** amount to be proven at trial;

e.   For compensatory damages for the PLAINTIFF'S estranged wife and the PLAINTIFF'S son - emotional pain and suffering, in an amount to be proven at **trial;**

f.   For compensatory damages for the PLAINTIFF; PLAINTIFF'S estranged wife **and** the PLAINTIFF'S son -- inflicting emotional distress that impacted neglects of financial affairs, loss of personal assets -- both tangible and intangible assets and of personal investments, and of other significant assets; impacts to the PLAINTIFF'S personal credit ratings, in an amount to be proven at trial;

g.   For punitive damages for the PLAINTIFF in an amount to be determined at trial;

h.   For punitive damages for the PLAINTIFF'S estranged wife and the PLAINTIFF'S son in an amount to be determined at trial;

i.   For liquidated damages for the PLAINTIFF; the PLAINTIFF'S estranged wife **and** the PLAINTIFF'S son in an amount to be determined at trial;

j.   For interests on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation for the PLAINTIFF; **the** PLAINTIFF'S estranged wife and the PLAINTIFF'S son;

k.   For an order enjoining Defendants from engaging in the unlawful acts **complained of** herein;

l.   For reasonable attorneys' fees and costs of suit pursuant to 42 U.S. Code § **1983** Federal Civil Rights; to **AMERICANS WITH DISABILITIES ACT** (ADA): "42 U.S.C. § 1201 et. seq. (1990); and 18 U.S. Code § 242 Deprivation **of Rights Under Color of Law,** and other Federal, State and Municipal Laws; and

m.   For such other and further relief as this COURT deems just and proper.

IX.   Prayer for Relief

Wherefore, the Plaintiff prays for a judgment as follows:

1.   That this COURT order the said Defendants to Petition the Trial Court and the Appellate Court to recommend the set-aside of the PLAINTIFF'S Wrongful Conviction, that was unfairly imposed on the PLAINTIFF;

2.   That this COURT order the vacate of the unconstitutional and unlawful JUDGEMENT under FEDERAL RULE OF CIVIL PROCEDURE 60 (d)(3) that limits a Court's Power to set aside a judgment for **False Evidence, Malicious Prosecution** or **Fraud on the Courts**.

3.   That this COURT grant full lost wages and all other compensation to the PLAINTIFF; the PLAINTIFF'S estranged wife and the PLAINTIFF'S son;

4.   That this COURT grant the PLAINTIFF; the PLAINTIFF'S estranged wife and the PLAINTIFF'S son compensatory damages for the humiliation, emotional distress, and other damages caused by the Defendants' acts or misconducts,

5.   That this COURT grant the PLAINTIFF; the PLAINTIFF'S estranged wife and the PLAINTIFF'S son punitive damages for the said Defendants' Abuse of Color and the said Defendants' Malicious and Recklessly acts and misconduct;

6.   That this COURT grant the PLAINTIFF; the PLAINTIFF'S estranged wife and the PLAINTIFF'S son all loss wages and all other compensation -including benefits that would have enjoyed had the PLAINTIFF, the PLAINTIFF'S estranged wife and the PLAINTIFF'S son not been falsely accused and falsely prosecuted and retaliated against;

7.   That this COURT grant the PLAINTIFF expenses of litigation, including reasonable attorneys' fees, pursuant to 42 U.S. Code § 1983 Federal Civil **Rights**; to AMERICANS WITH DISABILITIES ACT" (ADA): '42 U.S.C. § 1201 et. seq. (1990); and **18 U.S. Code § 242** Deprivation of Rights Under Color of **Law**, and other Federal, State and Municipal Laws;

8.   That this COURT grant the PLAINTIFF a jury trial and

9.  That this COURT grant the PLAINTIFF all other relief this COURT deems just and proper; and,

10. That this COURT grant temporary, preliminary, and permanent injunctive relief prohibiting the said Defendants from engaging in further unconstitutional and unlawful acts or misconducts.

FURTHERMORE, the PLAINTIFF respectfully requests this COURT order an immediate investigation and to find that the said Defendants unconstitutional and unlawful acts and misconducts violated Federal Laws and upon findings order for the immediate arrest and prosecution of the said Defendants.

Respectfully submitted this 8th day of August 2022.

/s/ William Curtis Jones

**WILLIAM CURTIS JONES**, pro se

3616 Far West Blvd.

No. 117-441

Austin, Texas 78731

X.    **Demand for Jury Trial**

   PLAINTIFF demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

**Respectfully submitted this 8th  day of August 2022.**


/s/ *William Curtis Jones*
_____

   **WILLIAM CURTIS JONES**, pro se

   3616 Far West Blvd.

   No. 117-441

   Austin, Texas 78731

*Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights*

## XI.  Certification and Closing

Under **Federal Rule of Civil Procedure 11**, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1)    ...is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    ...is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3)    ...the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    ...the complaint otherwise complies with the requirements of **Rule 11**.


/s/ *William Curtis Jones*
_____

**WILLIAM CURTIS JONES**, pro se

*Applicant*

3616 Far West Blvd.
No. 117-441
Austin, Texas 78731

XII.  **Certificate of Services**

THAT, I, **WILLIAM CURTIS JONES** – *as pro se'*, the APPLICANT certifies that a
true and correct copy of the foregoing:

## DIRECTED COMPLAINT FOR VIOLATION OF CIVIL RIGHT

### in support of

## PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS FOR A PERSON IN STATE CUSTODY

have been served via "PERSONAL DELIVERY" and / or "e-FILE", with proof of signed receipt
of delivery, on the COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS, in Austin,
Travis County, Texas; JEFFERSON COUNTY 252nd JUDICIAL DISTRICT COURT, in
Beaumont, Jefferson County, Texas; UNITED STATES DISTRICT COURT: "HOUSTON
DIVISION" and UNITED STATES DISTRICT COURT: "BEAUMONT DIVISION"; on this
the **9th** day of August 2022.

/s/ *William Curtis Jones*
_____

**WILLIAM CURTIS JONES**, pro se

*Applicant*

3616 Far West Blvd.
No. 117-441
Austin, Texas 78731

### XIII.     For Parties Without an Attorney

Should this COURT deny **APPOINTMENT OF ATTORNEY TO REPRESENT PLAINTIFF**, the PLAINTIFF agrees to provide the UNITED STATES DISTRICT COURT'S "**CLERK OF COURT**" Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the "**CLERK OF COURT**" Office may result in the dismissal of my case.

**Respectfully submitted this 9th** day of August 2022.


/s/ *William Curtis Jones*
_____

**WILLIAM CURTIS JONES**, pro se

3616 Far West Blvd.

No. 117-441

Austin, Texas 78731



WILLIAM JONES
(662) 444-7006
STE 117-441
3810 FARWEST BLVD
AUSTIN TX 78731

SHIP JACK BROOKS FED BLDG & U.S. COURT
TO:    STE 104
       300 WILLOW ST

BEAUMONT TX 77701-2217

TX 777 0-01

1 LBS        1 OF 1
SHP WT: 1 LBS OF 1
DATE: 08 AUG 2022

UPS GROUND
TRACKING #: 1Z 81W 8F1 03 8689 2276

BILLING: P/P

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 09 2022
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

JACK BROOKS FED BLDG & U.S. COU
300 WILLOW ST
STE 104
BEAUMONT TX 77701

P: 222      S: 222      I: 222

AAKI - 4860

1Z81W8F1038689          2276