IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

WILLIAM CURTIS JONES                    §

VS.                                     §               CIVIL ACTION NO. 1:22cv316

STATE OF TEXAS, ET AL.                  §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Curtis Jones, proceeding *pro se*, filed this lawsuit against several

defendants.  This matter was referred to the undersigned United States Magistrate Judge pursuant

to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition

of the case.

Factual Allegations

Plaintiff was previously convicted of misapplying fiduciary property in Jefferson County,

Texas.  He alleges that in obtaining the conviction, the defendants violated his constitutional rights.

He complains of prosecutorial misconduct, as well as an unconstitutional arrest and unconstitutional

searches.  Plaintiff seeks monetary damages and an order vacating his conviction.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3)

seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous

where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis

in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (1993).

<u>Analysis</u>

*Monetary Damages*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a claim calling into question the legality of a conviction is not cognizable in a civil rights action. In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87.

A finding in plaintiff's favor in this matter would necessarily call into question the validity of his criminal conviction. As plaintiff has not alleged that his conviction has been overturned or otherwise declared to be invalid, he may not recover monetary damages in this matter.

*Vacating Conviction*

Plaintiff also asks that the court enter an order vacating his conviction. However, such relief is only available through the filing of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

## Recommendation

This civil rights lawsuit should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations contained herein, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 17th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge